## JOSEPH A. BROWN *vs.* JOHN L. JAMES.

PROVIDENCE—FEBRUARY 4, 1879.

PRESENT: Durfee, C. J., Potter and Matteson, JJ.

A plaintiff recovering a verdict for less than three hundred dollars in an action of the case for slanderous words, brought in the Supreme Court, is entitled to no costs under Gen. Stat. R. I. cap. 181, § 22, cap. 206, § 4.

Note tracing the origin and development of legislation relative to costs in actions on the case for slanderous words.

ACTION ON THE CASE for slanderous words, originally brought in the Supreme Court on writ dated June 25, 1877, wherein the *ad damnum* was laid at five thousand dollars. On a jury trial at the October term, 1878, the plaintiff recovered a verdict of eight dollars, whereupon he asked for judgment on the verdict with costs, and the sole question before the court was whether on such a verdict the plaintiff was entitled to costs under the statutes then in force. Gen. Stat. R. I. cap. 181, § 22, and cap. 206, § 4, are as follows, · viz.:

Cap. 181, § 22. "The supreme court shall have original jurisdiction, concurrent with the courts of common pleas in each county, except in the county of Providence, in all civil actions in which the debt or damages laid in the writ shall amount to the sum of one hundred dollars or upwards, and in the county of Providence in all civil actions in which the debt or damages laid in the writ shall amount to the sum of three hundred dollars or upwards: *Provided*, that the plaintiff commencing his action originally in the supreme court shall not recover costs, unless he shall recover in such action such sum or upwards thereof, or goods and chattels of the value of. such sum or upwards thereof, as shall be sufficient to give said court jurisdiction in the county in which such action was commenced, or unless the action be an action of ejectment or replevin, or in an action in which the title to real estate, or to some right, easement or interest therein, is in question."

Cap. 206, § 4. " In all actions of the case for slanderous words that shall be commenced in any court, in all actions of the case for malicious prosecution, and in all actions of trespass for assault and battery, or imprisonment, that shall be commenced in the supreme court or court of common pleas, if the court or jury who shall assess the damages therein shall assess the same at a less sum than seven dollars, the plaintiff in such case shall recover no more costs than damages."

PER CURIAM. The court decide that as the plaintiff has recovered a verdict for less than three hundred dollars in this court, in this county, he is entitled to no costs.

*Henry B. Whitman*, for plaintiff.
*Edwin Metcalf*, for defendant.

---

### NOTE BY MR. JUSTICE ROGERS.

The peculiar provision of the statutes of this State in relation to costs in actions of the case for slanderous words originated a century ago. The following provision appears in " An Act establishing Courts of Common Pleas in the several Counties in this State," in Pub. Laws R. I., Rev. of 1798, 149, viz.: " Sec. 6. And be it further enacted, That no civil action, unless it be of more than seven dollars value, shall be originally brought to any of the Courts of Common Pleas, excepting suits on the State's bonds."

In the same revision, pp. 170 and 171, in " An Act prescribing the manner of Proceeding in Courts," are to be found these provisions:

"SEC. 24. And be it further enacted, That if the plaintiff in any case shall file his declaration in the Clerk's office of the Court of Common Pleas, as by law provided, and shall afterwards withdraw or discontinue his suit before the sitting of the Court, the defendant in such case shall recover his costs; and in all other civil causes the party prevailing shall recover cost, except in cases where other provision is specially made by law.         .         .         .         .         .         .         .         .         .

SEC. 25. Provided nevertheless, and be it further enacted, That in all actions of the case for slanderous words, or malicious prosecutions, all actions of trespass for assault and bat-

tery, or imprisonment, that shall hereafter be commenced to any Court of Common Pleas within this State, if the Court or jury, who shall finally assess the damages in such case, shall assess the same at a less sum than seven dollars, the plaintiff in such case shall recover no more costs than damages."

It will be observed that, by the foregoing provisions, the party prevailing in Courts of Common Pleas recovered costs without reference to whether the damages assessed equalled the jurisdictional amount, except in the cases provided for in said § 25, in which cases only, the costs to be recovered were regulated in a measure by the amount of damages assessed, in reference to the jurisdictional amount.

July 9, 1812, the jurisdictional amount in Courts of Common Pleas was changed by "An Act to prevent unnecessary costs in civil actions, and for other purposes," Session Laws R. I. p. 213, § 1 of which was as follows: "Be it enacted by the General Assembly, and by the authority thereof it is enacted, That no action of debt, and no action of the case upon promises, unless of twenty dollars value or upwards, unless real estate shall be attached on the writ in said action, shall be originally brought to any of the Courts of Common Pleas."

In Pub. Laws R. I. Rev. of 1822, the provisions of the Rev. of 1798 were reproduced word for word, except that in the Rev. of 1822 the words, "of twenty dollars value or upwards, except real estate be attached by the original writ," were substituted for the words, "of more than seven dollars value," in Sec. 6 of the Rev. of 1798 ; and the words, "excepting suits on the State's bonds," in said Sec. 6 of the Rev. of 1798, were omitted in the Rev. of 1822. See Rev. of 1822, p. 114, § 6 ; pp. 129 and 130, §§ 25 and 26.

It will be observed that when the jurisdictional amount in Courts of Common Pleas was changed from seven dollars to twenty dollars, no change was made in the amount of damages to be assessed in slander cases, etc., in order to affect the question of costs.

In Pub. Laws R. I. Rev. of 1844, the provisions of the Rev. of 1822 were continued in force, though in a somewhat condensed form ; p. 95, § 2 ; p. 135, § 33 ; p. 136, § 35.

In the Rev. Stat. R. I. [1857] a marked change took place in the legislation bearing on this subject. The special provision as to costs in slander cases was applied to slander suits in the Supreme Court as well as to such suits in the Common Pleas, cap. 190, §§ 1 and 4, p. 459 ; the jurisdictional amount

in actions brought in the Common Pleas was raised from twenty dollars in value or upwards, to fifty dollars in value or upwards, cap. 165, § 2, p. 392 ; and the jurisdictional amount in the Supreme Court was fixed as follows, in cap. 164, p. 389 :

"SEC. 20.   The said court shall have original jurisdiction, concurrent with the courts of common pleas in each county, in all civil suits where the debt or damages laid in the writ shall amount to the sum of one hundred dollars or upwards ; provided, that the plaintiff commencing his suit originally in the supreme court shall not recover costs unless he shall recover in such action the sum of one hundred dollars or upwards, or goods to the value of one hundred dollars or upwards, or unless the action be an action of ejectment or an action in which the title to real estate, or to some right, easement, or interest therein, is in question."

It will be noted that the last above provision, as to the jurisdiction of the supreme court, affords the earliest instance in our statutes where the question of costs is made in express terms dependent upon the jurisdictional amount of damages being recovered, without reference to a special cause of action ; and this feature has ever since been retained as to that court, for, when the two divisions were constituted by the Judic. Act, in 1893, and the Appellate Division ceased to have jury trials, the said provision was extended to the Common Pleas Division of the Supreme Court.

In the Gen. Stat. R. I. [1872] another change in legislation on the subject occurred.   The jurisdictional amount of suits in the Supreme Court was fixed at three hundred dollars or upward in Providence county, and remained at one hundred dollars or upward in each of the other counties, cap. 181, § 22, p. 405 ; the jurisdiction of the Common Pleas was fixed at one hundred dollars or upward, cap. 182, § 2, p. 408 ; and the seven dollar provision, as to costs in slander suits, was made applicable to "all actions of the case for slanderous words that shall be commenced in any court :" cap. 206, § 4, p. 479.

Thus the law stood when *Brown* v. *James* was decided, in 1879, and gave construction to the confused provisions ; but that case, for some unknown reason, has never been reported until now.

OPINION given by the judges of the Supreme Court to the Governor, pursuant to Article 10, Section 3, of the Constitution of Rhode Island.